1  Thomas P. Riley
2  Law Offices of Thomas P. Riley, P.C.
3  First Library Square
   1114 Fremont Avenue
4  South Pasadena, CA 91030-3227
5  CA SBN No. 194706
   Fax: 626-799-9795
6  TPRLAW@att.net
7  Tel:  626-799-9797

8  Attorneys for Plaintiff
9  G & G Closed Circuit Events, LLC

10

11            UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA
12                    EASTERN DIVISION

13                                          | Case No.:
14 G & G Closed Circuit Events, LLC,        |
15          Plaintiff,                      | COMPLAINT
16     vs.
17
18 Zuhua Liu, individually and d/b/a Pier 88
   Boiling Seafood & Bar and Montclair
19 Seafood Group LLC, an unknown
   business entity d/b/a Pier 88 Boiling
20 Seafood & Bar,
21          Defendants.
22

23
24 **PLAINTIFF ALLEGES:**
                       <u>**JURISDICTION**</u>
25

26
27 1.     Jurisdiction is founded on the existence of a question arising under particular

28 statutes. This action is brought pursuant to several federal statutes, including the

Page 1

Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. Section 553, *et seq,* and California B&P Section 17200, a California state statute.

2.      This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3.      This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised *Program* hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of California constituting an unfair business practice in violation of the law, including specific California state statutes, more particularly set forth below.

## VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Central District of California, because a substantial part of the events or omissions giving rise to the claim occurred in this District and/or because, *inter alia,* all Defendants reside within the State of California (28 U.S.C. § 1391(b) and 28 U.S.C. § 84(c)(1)).

## INTRADISTRICT ASSIGNMENT

5. Assignment to the Eastern Division of the Central District of California is proper because a substantial part of the events or omissions giving rise to the claim occurred in San Bernardino County and/or, the United States District Court for the Central District of California has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## THE PARTIES

6. Plaintiff, G & G Closed Circuits, LLC, is, and at all relevant times mentioned was, a California company with its principal place of business located at 2925 Green Valley Parkway, Suite D, Las Vegas, NV 89014.

7. Plaintiff is informed and believes, and alleges thereon that, at all times relevant hereto, including on Saturday, July 6, 2024, Defendant Montclair Seafood Group LLC, was an owner, and/or operator, and/or licensee, and/or permittee, and/or entity

in possession, and/or an entity with dominion, control, oversight and management of the commercial establishment doing business as Pier 88 Boiling Seafood & Bar operating at 4949 S Montclair Plaza Ln, Montclair, CA 91763.

8. At all times relevant hereto, including on Saturday, July 6, 2024, Defendant Montclair Seafood Group LLC was specifically identified as the primary owner and licensee on the California Department of Alcoholic Beverage Control license (ABC# 631130) issued to Montclair Seafood Group LLC for Pier 88 Boiling Seafood & Bar.

9. At all times relevant hereto, including on Saturday, July 6, 2024, Defendant Zuhua Liu was specifically identified as Chief Executive Officer, Manager, and Member on the State of California Secretary of State Statement of Information (202112010145) issued to Montclair Seafood Group LLC for Pier 88 Boiling Seafood & Bar.

10. At all times relevant hereto, including on Saturday, July 6, 2024, Defendant Zuhua Liu was specifically identified as Officer and Managing Member of Montclair Seafood Group LLC on the California Department of Alcoholic Beverage Control license (ABC# 631130) issued to Montclair Seafood Group LLC for Pier 88 Boiling Seafood & Bar.

11. Plaintiff is informed and believes, and alleges thereon that on Saturday, July 6, 2024 (the date of the *Program* at issue herein, as more specifically defined in Paragraph 18), Defendant Zuhua Liu had the right and ability to supervise the activities of Pier 88 Boiling Seafood & Bar, which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

12. Plaintiff is informed and believes, and alleges thereon that on Saturday, July 6, 2024 (the date of the *Program* at issue herein, as more specifically defined in Paragraph 18), Defendant Zuhua Liu , as an individual, had the obligation to supervise the activities of Montclair Seafood Group LLC, which included the unlawful interception, receipt, and publication of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that Pier 88 Boiling Seafood & Bar operated lawfully at all times.

13. Plaintiff is informed and believes, and alleges thereon that on Saturday, July 6, 2024, (the date of the *Program* at issue herein, as more specifically defined in Paragraph 18), Defendant Zuhua Liu specifically directed or permitted the employees of Pier 88 Boiling Seafood & Bar to unlawfully intercept, receive, and publish Plaintiff's *Program* at Pier 88 Boiling Seafood & Bar, or intentionally intercepted, received, and published the *Program* at Pier 88 Boiling Seafood & Bar himself. The actions of the employees of Pier 88 Boiling Seafood & Bar are directly imputable to

Defendant Zuhua Liu by virtue of his acknowledged responsibility for the operation of Pier 88 Boiling Seafood & Bar.

14. Plaintiff is informed and believes, and alleges thereon that on Saturday, July 6, 2024, Defendant Zuhua Liu, as the individual specifically identified as Chief Executive Officer, Manager, and Member on the State of California Secretary of State Statement of Information (202112010145) issued to Montclair Seafood Group LLC for Pier 88 Boiling Seafood & Bar and as the individual specifically identified as Officer and Managing Member of Montclair Seafood Group LLC on the California Department of Alcoholic Beverage Control license (ABC# 631130) issued to Montclair Seafood Group LLC for Pier 88 Boiling Seafood & Bar had an obvious and direct financial interest in the activities of Pier 88 Boiling Seafood & Bar, which included the unlawful interception, receipt, and publication of Plaintiff's *Program*.

15. Plaintiff is informed and believes, and alleges thereon that the unlawful broadcast of Plaintiff's *Program* (as more specifically defined in Paragraph 18), as supervised and/or authorized by Zuhua Liu, resulted in increased patronage for Pier 88 Boiling Seafood & Bar.

16. On Saturday, July 6, 2024 (the date of the *Program* at issue herein, as more specifically defined in Paragraph 18), Pier 88 Boiling Seafood & Bar sold food and alcoholic beverages to its patrons.

## COUNT I

**(Violation of Title 47 U.S.C. Section 605 )**

17. Plaintiff G & G Closed Circuit Events, LLC, hereby incorporates by reference all of the allegations contained in paragraphs 1-16, inclusive, as though set forth herein at length.

18. Pursuant to contract, G & G Closed Circuit Events, LLC, was granted the exclusive nationwide commercial distribution (closed-circuit) rights to the *Last Man Standing: The Nate Diaz v. Jorge Masdival Fight* event telecast nationwide on Saturday, July 6, 2024 (this included all interviews and game commentary encompassed in the television broadcast of the event, heretofore referred to as the "*Program*").

19. Pursuant to contract, G & G Closed Circuit Events, LLC, entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of California, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments.

20. The *Program* could only be exhibited in a commercial establishment in California if said establishment was contractually authorized to do so by Plaintiff G & G Closed Circuit Events, LLC.

21. As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff G & G Closed Circuit Events, LLC, expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

22. The *Program* originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal to Plaintiff's lawful sub-licensees.

23. On Saturday, July 6, 2024, in violation of Plaintiff G & G Closed Circuit Events, LLC rights and federal law, Defendants intercepted, received and published the *Program* at Pier 88 Boiling Seafood & Bar. Defendants also divulged and published said communication, or assisted or permitted in divulging and publishing said communication to patrons within Pier 88 Boiling Seafood & Bar.

24. With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized

1  to do so, each and every one of the above named Defendants, either through direct
2  action or through actions of employees or agents directly imputable to Defendants (as
3  outlined above), did unlawfully intercept, receive, publish, divulge, display, and/or
4  
5  exhibit the *Program* at the time of its transmission at their commercial establishment
6  located at 4949 S Montclair Plaza Ln, Montclair, CA 91763.
7  
8  
9  25.   Said unauthorized interception, reception, publication, exhibition, divulgence,
10  display, and/or exhibition of the *Program* by each of the Defendants was done
11  willfully and for purposes of direct and/or indirect commercial advantage and/or
12  
13  private financial gain.
14  
15  26.   Title 47 U.S.C. § 605(a), prohibits the unauthorized interception, receipt,
16  publication and use of communications, including satellite television signals, such as
17  
18  the transmission of the *Program* for which Plaintiff G & G Closed Circuit Events,
19  LLC had the distribution rights thereto.
20  
21  
22  27.   By reason of the aforesaid mentioned conduct, the aforementioned Defendants,
23  and each of them, violated Title 47 U.S.C. Section 605, *et seq.*, either directly or, in
24  the case of Defendant Zuhua Liu, contributorily or vicariously.
25  
26  
27  
28

28. By reason of the Defendants' violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff G & G Closed Circuit Events, LLC, has the private right of action pursuant to Title 47 U.S.C. Section 605.

29. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff G & G Closed Circuit Events, LLC, is entitled to the following from each Defendant:

    (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 605(e)(3)(C)(i)(II);

    (b) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii); and

    (c) The recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

## COUNT II

### (Violation of Title 47 U.S.C. Section 553)

30. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-29, inclusive, as though set forth herein at length.

31. 47 U.S.C. § 553 prohibits the interception or receipt of communications offered over a cable system absent specific authorization.

32. The unauthorized interception and receipt of the *Program* by the above named Defendants was prohibited by Title 47 U.S.C. § 553, *et seq.*

33. By reason of the aforesaid mentioned conduct, the aforementioned Defendants violated Title 47 U.S.C. Section 553, *et seq.* either directly or, in the case of Defendant Zuhua Liu, contributorily or vicariously.

34. By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff G & G Closed Circuit Events, LLC, has the private right of action pursuant to Title 47 U.S.C. Section 553.

35. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff G & G Closed Circuit Events, LLC, is entitled to the following from each Defendant:

    (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii);

    (b) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B);

    (c) The recovery of full costs pursuant to Title 47 U.S.C. § 553 (c)(2)(C); and

    (d) In the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. § 553(c)(2)(C).

## COUNT III

### (Conversion)

36. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-35, inclusive, as though set forth herein at length.

37. By their aforesaid acts of interception, reception, publication, divulgence, display, and/or exhibition of the *Program* at their commercial establishment at the above-captioned address, the aforementioned Defendants, tortuously obtained possession of the *Program* and wrongfully converted same for their own use and benefit.

38. The aforesaid acts of the Defendants were willful, malicious, egregious, and intentionally designed to harm Plaintiff G & G Closed Circuit Events, LLC, by depriving Plaintiff of the commercial license fee to which Plaintiff was rightfully entitled to receive from them, and in doing so, the Defendants subjected the Plaintiff to severe economic distress and great financial loss.

39. Accordingly, Plaintiff G & G Closed Circuit Events, is entitled to both compensatory, as well as punitive and exemplary damages, from aforementioned Defendants as the result of the Defendants' egregious conduct, theft, and conversion of the *Program* and deliberate injury to the Plaintiff.

## COUNT IV

**(Violation of California Business and Professions Code Section 17200, *et seq*.)**

40.  Plaintiff hereby incorporates by reference all of the allegations contained in Paragraphs 1-22, inclusive, as set forth herein at length.

41.  By contract, Plaintiff G & G Closed Circuit Events, LLC, was granted exclusive domestic commercial exhibition closed-circuit rights to the *Program*.

42.  Plaintiff did not authorize transmission, interception, reception, divulgence, exhibition, or display of the *Program* to the general public, persons at large, or to the commercial establishment operated by the foregoing Defendants, or any of them.

43.  With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants by virtue of their respective positions and authority, did unlawfully intercept, receive, publish, divulge, display,

and/or exhibit the *Program* at the real time transmission of the *Program's* broadcast at the commercial establishment, as more particularly indicated and identified above.

44. Plaintiff is informed and believes and alleges thereon that the Defendants and/or their agents, servants, workmen, or employees performed the aforementioned acts knowingly, willfully and to confer a direct or indirect commercial advantage and/or private financial gain to the Defendants, to the detriment and injury of Plaintiff and its business enterprise as a commercial distributor and closed-circuit licensor of sports and entertainment television programming.

45. The Defendants' unauthorized interception, publication, divulgence and/or exhibition was done by the Defendants wantonly, recklessly, and without regard whatsoever for the intellectual property rights of the Plaintiff.

46. The aforementioned unlawful acts of each of the Defendants constituted unlawful, untrue, fraudulent, predatory, unfair, and deceptive trade practices, and by reason of the aforementioned conduct, the Defendants violated California and Professions Code Section 17200, *et seq.*

47. As a proximate result of the aforementioned acts attributable to the Defendants, Plaintiff has been permanently deprived of the patronage of current, previous and potential customers of the sports and entertainment programming it licenses commercially to the hospitality industry, all to its severe financial injury and loss in a sum to be determined at trial.

48. By reason of the Defendants' violation of California Business and Professions Code Section 17200, *et seq.*, Plaintiff G & G Closed Circuit Events, LLC is entitled to restitution for its injuries, the disgorgement and turn-over of the Defendants' ill-gotten gains, as well as injunctive and declaratory relief, as an alternative to any damages and relief that may be recoverable for Counts I-III for which there is no adequate remedy at law, from each of the aforementioned Defendants as may be made more appropriately determined at trial.

49. Plaintiff is entitled to its attorneys' fees from the Defendants for enforcing California Business and Professions Code Section 17200 as it meets the standards of a private attorney general as specifically and statutorily defined under California Civil Procedure Section 1021.5.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory damages in the amount of $110,000.00 against the Defendants, and each of them;

2. For reasonable attorneys' fees as mandated by statute;

3. For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1. For statutory damages in the amount of $60,000.00 against the Defendants, and each of them;

2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;

3. For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1. For compensatory damages in an amount according to proof against the Defendants, and each of them;

2. For exemplary damages against the Defendants, and each of them;

3. For punitive damages against the Defendants, and each of them;

4. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;

5. For all costs of suit, including, but not limited to, filing fees, service of process fee, investigative costs; and

6. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Fourth Count:**

1. For restitution to the Plaintiff in an amount according to and from the Defendants, for their ill-gotten gains;

2. For declaratory relief;

3. For prohibitory and mandatory injunctive relief;

4. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;

5. For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

6. For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

Date: June 30, 2025   /s/ Thomas P. Riley
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
By: Thomas P. Riley
G & G Closed Circuit Events, LLC